EASTERN DIS.
*May*, 1841.

SLIDELL
*vs.*
LOCKE.

---

### SLIDELL *vs.* LOCKE.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW ORLEANS.

A continuance will not be allowed, because a public officer is called as a witness with his records, at the moment of trial, and shows his records are locked up and his clerk has the key, and is absent at the time.

Where a judgment states the "court being satisfied that the plaintiff's claim is correct," it is a sufficient constitutional reason to support the validity of the judgment.

This is an action on a promissory note signed by the defendant payable to the order of John Slidell, for $1000, the first day of May, 1840.

EASTERN DIS.    The defendant made a long defence, the substance of which
May, 1841.   was that the present note, was given for the balance of the

SLIDELL     price of a lot of ground, warranted free from all incumbrances
vs.
LOCKE.      and liens, but that there is a lien on it for $173, due the cor-
poration for paving.

On the trial, the defendant called upon the Mayor and City
Comptroller to produce the books and accounts of the corpora-
tion, to be used as evidence, and was unable to obtain them at
the moment, and asked for a continuance, which was refused;
he not having used sufficient diligence to obtain the evidence.

There was judgment against the defendant and he appealed.

*Slidell,* for the plaintiff.

*Durell,* contra.

*Garland, J.* delivered the opinion of the court.

This suit is brought to recover the balance alleged to be due
on a promissory note, made by defendant to the order of Two-
good and by him endorsed.    The defendant answered, the note
was given to secure the payment of a portion of the price of a
lot of ground which, the plaintiff and others had sold him,
warranting it free from all incumbrances and liens.    He fur-
ther says the lot is subject to a claim and lien for about $173
which the Corporation of New-Orleans has for paving the
streets and side-walks, in front and rear of it, for which a suit
has been instituted in the City Court.    This sum he pleads in
compensation and reconvention.

After the cause was set for trial, the defendant obtained an
order directing the Mayor of the city and the Comptroller of
the general sinking fund, to produce in court on the day of trial
"all the records of the city in their keeping, which show the
date of the paving of the public road now called Front Levee
street, also the date of the paving of Clinton street," together
with the ordinances relating to paving said streets and laying
a tax for the purpose.    On the day of trial, the Comptroller
appeared and stated, "the records set forth in and called for

by the said subpœna were in his possession and under his con-
trol, but that he was not able then to produce the same, his
clerk having possession of the key of the safe in which they
were kept; and he was absent;" whereupon the defendant
moved for a continuance, which being refused, he took a bill
of exception.

We do not think the Judge erred in refusing the continuance.
A party does not show sufficient diligence, by merely calling
on a public officer to produce his records in court to enable him
to make out his defence. He could have procured copies, if
the documents were very material. He should have made
something more of an effort to make out his case to be entitled
to a continuance. The articles 141 and 474 of the Code of
Practice authorize the courts to make orders on third persons,
in particular cases to produce documents and papers, on the
trial of a cause, but the party wishing to use them must show
some effort to assist in getting the evidence, to be entitled to
delay.

The defendant says the judgment must be reversed, as the
Judge does not, according to the 12th section of the 4th article
of the constitution refer to the law in virtue of which he gave
it, and adduce the reasons on which it is founded. It is stated
"the court being satisfied that the plaintiff's claim is correct,
order and decree," &c. An objection of this kind, where it is
not alleged or shows, that any injury has resulted, is not en-
titled to much favor. This court has decided that where it is
stated, "the plaintiff has made out his case by the law and
evidence," it is a sufficient reason.—11 La. Rep. 162. It has
been further held, that saying "the jury have found a verdict
in favor of the plaintiff" will be deemed valid and constitu-
tional; 11 *Idem*, 565; and in 14 *Idem*, 435, it is said that if
the judgment states it was "rendered on due proof of the
allegations of plaintiff's petition in which the usual averments
of demand, &c." are made, it will be sufficient. In this case
the signature to the note is not denied, nor has sufficient dili-
gence been shown to establish the defence; and as it is admit-

*Margin notes:*

EASTERN DIS.
*May*, 1841.

SLIDELL
*vs.*
LOCKE.

A continu-
ance will not be
allowed, be-
cause a public
officer is called
as a witness
with his re-
cords, at the
moment of trial,
and shows his
records are
locked up and
his clerk has
the key and is
absent at the
time.

Where a
judgment states
the "court be-
ing satisfied that
the plaintiff's
claim is cor-
rect," it is a
sufficient con-
stitutional rea-
son to support
the validity of
the judgment.

ted the defendant is not without remedy, if he should be compelled to pay the tax he alleges is owing, we think his constitutional defence cannot avail him.

The judgment of the Parish Court is therefore affirmed with costs.